## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

| | |
|---|---|
| RAYMOND THIBODEAUX, et al. | : |
| Plaintiffs | : |
| v. | : Civil Action No. 8:17-cv-01352-PWG |
| KATHLEEN A. STERLING, M.D., et al. | : |
| Defendants | : |

## CERTIFICATE OF QUALIFIED EXPERT

I, William Lloyd Glover, M.D., am a licensed physician board-certified in urology. Within the past five years, I have had clinical experience, have provided consultation, and have taught medicine in the field of urology.

I have reviewed medical records of Raymond Thibodeaux with respect to the care and treatment rendered to him by Kathleen Sterling, M.D., Nizamuddin Maruf, M.D., and Urological Consultants, P.A. I have also reviewed medical records for care and treatment rendered to Mr. Sterling by other health care providers, including William Dunne, M.D.; Arif Hussain, M.D.; Lambros Stamatakis, M.D.; various providers at Sibley Memorial Hospital; various providers at Washington Hospital Center; and various providers at George Washington University Hospital. I have also reviewed the Plaintiffs' Complaint and the Certificate of Merit executed on behalf of the Plaintiffs by Michael Palese, M.D.

Based upon my education, training and experience, and my review of the above materials, it is my opinion, to a reasonable degree of medical probability, that the care and treatment rendered to Raymond Thibodeaux by Drs. Sterling and Maruf, individually and as agents, servants, or employees of Urological Consultants, P.A., was in accordance with the standards of practice among members of the same health care profession with similar training and experience situated

in the same or similar communities at the time of the alleged conduct giving rise to the Plaintiffs' cause of action.

Based upon my education, training and experience, and my review of the above materials, it is also my opinion, to a reasonable degree of medical probability, that no act or omission by Drs. Sterling and Maruf, individually and as agents, servants, or employees of Urological Consultants, P.A., caused or contributed to any injuries alleged to have been sustained by the Plaintiffs.

I hold all of the above opinions to a reasonable degree of medical certainty.

I certify that I do not devote more than twenty percent (20%) of my professional time to activities that directly involve testimony in personal injury matters. I further certify that I am not a party to this action. I am not an employee or partner of any party to this action. I am not an employee or stockholder of a professional corporation of which a party is a stockholder.

I hereby adopt and incorporate by reference the attached Report setting forth my opinions.

*[signature]*
William Lloyd Glover, M.D.

Respectfully submitted,

**ARMSTRONG, DONOHUE, CEPPOS, VAUGHAN & RHOADES, CHARTERED**

/s/ Kenneth Armstrong
Kenneth Armstrong, Esquire (#01619)
hka@adclawfirm.com
German A. Rodriguez, Esquire (#19006)
gar@adclawfirm.com
204 Monroe Street, Suite 101
Rockville, MD 20850
301-251-0440 (tel.)
301-279-5929 (fax)
*Counsel for Defendants Kathleen Sterling, M.D., Nizamuddin Maruf, M.D., and Urological Consultants, P.A.*

# CERTIFICATE OF SERVICE

I hereby certify that on ~~September~~ October 3, 2017, a copy of the foregoing was electronically filed and served via CM/ECF and e-mail upon:

Catherine D. Bertram, Esquire (#07715)
BERTRAM & AMELL PLLC
cbertram@bertramamell.com
1100 Vermont Ave., NW, Ste. 500
Washington, D.C. 20005
*Attorneys for Plaintiffs*

/s/Kenneth Armstrong
Kenneth Armstrong

- 3 -

H. Kenneth Armstrong, Esquire
German A. Rodriguez, Esquire
ARMSTRONG, DONOHUE, CEPPOS,
VAUGHAN & RHOADES, CHARTERED
204 Monroe Street, Suite 101
Rockville, MD 20850

    Re:    <u>Raymond Thibodeaux v. Thomas E. Sterling, M.D., et al.</u>
              HCA No. 2016-11

Dear Messrs. Armstrong and Rodriguez:

    Per your request, I have reviewed certain materials relating to the claims in the above-captioned pending matter asserted by Claimant Raymond Thibodeaux against Thomas E. Sterling, M.D. In particular, I have reviewed the medical records of Raymond Thibodeaux with respect to the care and treatment rendered to him by William Dunne, M.D.; Arif Hussain, M.D.; Lambros Stamatakis, M.D.; various providers at Sibley Memorial Hospital; various providers at Washington Hospital Center; and various providers at George Washington University Hospital. I have also reviewed the Plaintiffs' Complaint and the Certificate of Merit executed on behalf of the Plaintiffs by Michael Palese, M.D.

    Based upon my education, training and experience, and my review of the above materials, it is my opinion, to a reasonable degree of medical probability, that the care and treatment rendered to Raymond Thibodeaux by Kathleen Sterling, M.D. and Nizamuddin Maruf, M.D., individually and as agents, servants, or employees of Urological Consultants, P.A., was in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities at the time of the alleged conduct giving rise to the Plaintiffs' cause of action.

    On September 16, 2014, Mr. Thibodeaux presented to Kathleen Sterling, M.D. for the first time at the referral of Dr. Dunne. The chief complaint was urinary frequency and/or urgency. Mr. Thibodeaux reported first noticing symptoms six months prior. He reported urinary urgency and increased urinary frequency, although he denied episodes of urge incontinence. He reported getting up at night to urinate two times and having difficulty emptying his bladder adequately. He reported daytime frequency as his most bothersome symptom. His AUA symptom score was 23. Dr. Sterling noted Dr. Dunne's referral for "lower urinary tract symptoms." She recorded the referral as follows:

> This is a 49-nine-year-old male sent by urologist Dr. Dunne for lower urinary tract symptoms, the most bothersome is being urinary frequency and nocturia. He also reports a weak stream. This started several months ago when he was in otherwise good health and went into urinary retention, requiring placement of a Foley catheter. He did pass a voiding trial but mild symptoms persisted and he does not feel like he is back at his baseline with recent PVR ranging from 40mL to 150mL.

Dr. Dunne did a prostate ultrasound demonstrating a small gland, 17 g. There were plans for a possible TUIP, but due to his insurance network, the patient chose to switch practices. Dr. Dunne has kindly referred the patient for further workup in intervention.

Dr. Sterling noted Mr. Thibodeaux's past genitourinary medical history as "none." Dr. Sterling performed a full review of systems and physical examination. The review of systems was unremarkable. The genitourinary exam revealed a right varicocele in the scrotum and a normal-sized prostate of about 20 g. A bladder scan revealed a volume of 43 cc. Urinalysis was negative, with clear yellow urine. The urinalysis was specifically negative for blood, glucose, bilirubin, ketones, protein, nitrites, and leukocyte esterase.

Dr. Sterling's assessment was urinary frequency and incomplete bladder emptying. She renewed Mr. Thibodeaux's Flomax prescription. Dr. Sterling recommended that Mr. Thibodeaux undergo a cystoscopy for further workup and scheduled the procedure for September 26, 2014. According to the surgical posting sheet, the preoperative diagnosis was incomplete bladder emptying. Dr. Sterling memorialized the final exchange with Mr. Thibodeaux on that visit as follows:

> This is a 49-nine-year-old male with several month history of urinary frequency and incomplete emptying, and a small prostate by examining ultrasound. He is not completely helped by Flomax and is interested in pursuing a procedure. I explained to the patient that we should carry out a cystoscopy for further workup, and possibly pursue a TUIP or other procedure. He is amenable to this.

Dr. Sterling proceeded to obtain a complete medical history and perform a comprehensive physical exam, including urinalysis and a prostate exam. Mr. Thibodeaux disclosed frequency, nocturia, and difficulty voiding. He did not disclose hematuria, whether current or past. His urinalysis was clear and negative for blood.

Apparently, Mr. Thibodeaux first rescheduled the procedure for October 3, 2014. According to the medical records, on October 1, 2014, Mr. Thibodeaux cancelled the October 3 appointment due to his travel and informed Dr. Sterling's office that he would call back to reschedule it.

Mr. Thibodeaux did not reschedule the cystoscopy appointment until August 28, 2015—almost eleven months later. On that date, Mr. Thibodeaux disclosed that he had stopped taking Flomax and that he was still experiencing hesitancy and nocturia. He also disclosed two recent episodes of gross hematuria. This was Mr. Thibodeaux's first disclosure of hematuria to Dr. Sterling. Dr. Sterling appropriately performed a cystoscopy and discovered a 1 cm. tumor at the right trigone of the bladder as well as generalized inflammation of the bladder floor. After the pathology analysis confirmed the tumor's malignancy, Mr. Thibodeaux underwent a staging CT scan. The scan in turn revealed a large right kidney mass with pulmonary metastasis.

According to the records, Dr. Maruf never saw Mr. Thibodeaux or rendered any care or treatment to him. Dr. Maruf's involvement with Mr. Thibodeaux's case appears limited to a December 9, 2014 chart entry in which Dr. Maruf noted "agree with evaluation and management."

Based on this information, it is my opinion, to a reasonable degree of medical probability, that Dr. Sterling timely and appropriately worked up Mr. Thibodeaux for his lower urinary tract symptoms. It is also my opinion, to a reasonable degree of medical probability, that Dr. Sterling's work-up and recommendation for a cystoscopy were adequate, without more, based on the history and symptoms relayed to her by Mr. Thibodeaux, which did not include hematuria but included only lower urinary tract symptoms. For all of these reasons, Dr. Maruf's subsequent agreement with Dr. Sterling's evaluation and management of Mr. Thibodeaux was likewise appropriate.

Furthermore, based upon my review of the above-listed materials and my education, training and experience, it is my opinion that no alleged negligent act or omission by Kathleen Sterling, M.D. or Nizamuddin Maruf, M.D., whether individually or as agents, servants, or employees of Urological Consultants, P.A., caused or contributed to any injury allegedly sustained by Raymond Thibodeaux.

I hold all of these opinions to a reasonable degree of medical certainty.

I am a physician board-certified in urology. I have had clinical experience and provided consultation in the field of urology within five years of the date of the alleged acts or omissions giving rise to this cause of action.

I do not spend more than 20% of my professional activities in connection with testimony in personal injury matters. I am not a party to this action nor am I an employee or partner of any party to this action or an employee or stockholder of a professional corporation of which a party is a stockholder.

This report represents a summary of my opinions for the purposes of the Defendants' Certificate of Qualified Expert and attesting Report based on the information available to me at this time. I specifically reserve the right to modify, amend, or supplement my opinions if further information about this case is made available to me through the discovery process.

Very truly yours,

William Lloyd Glover, M.D.

3